UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>STATE ENTERPRISE RESEARCH- INDUSTRIAL COMPLEX "PAVLOGRAD CHEMICAL PLANT"<br><br>                       Petitioner,<br><br>and<br><br>PETROLEUM & MATERIALS LLC.,<br><br>                       Respondent. | CIV. NO. |

## **PETITION**

Petitioner, STATE ENTERPRISE RESEARCH- INDUSTRIAL COMPLEX "PAVLOGRAD CHEMICAL PLANT", ("PCP"), through its attorneys Anderson Kill P.C., alleges:

1. Petitioner is a State Enterprise owned by Ukraine, and located at 51402, 44 Zavodskaya st., Pavlograd, Dnepropetrovsk region, Ukraine 51402.

2. Respondent is a Limited Liability Company organized under the laws of the State of New York, which has an active status with the New York State Department of State. Its principal office is located at 350 Veterans' Memorial Highway, Commack, New York 11725, which address is within the territorial jurisdiction of this Court.

3. This is an action to enforce a foreign arbitral award under 9 U.S.C. §207. The arbitration between the parties took place in the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (the "Arbitration Court") in Ukraine, and resulted in an award (the "Award") in favor of petitioner in the

amount of $937,380, inclusive of costs and fees. An English language copy of the Award, made June 20, 2017, together with the translator's certificate, is annexed hereto as Exhibit A.[1] An English language copy of the certificate of the Arbitration Court, attesting to the service of the arbitration summons and supporting documentation, the appointment of the arbitrator on behalf of the respondent, and the making of the Award by the Arbitration Court, together with the translator's certificate, is annexed as Exhibit B. A copy of the Russian language award and the Ukrainian language certificate of the Arbitration Court, together with the appropriate seals and apostille, is annexed hereto as Exhibit C.

4. This court has jurisdiction over this action by virtue of 9 U.S.C. §203.

5. On October 10, 2016, the parties entered into a contract (the "Contract") pursuant to which Petitioner agreed to purchase, and Respondent agreed to supply, seamless steel pipe suitable for chemical production, for a total price of US$918,000. Award, page 3.

6. Petitioner made the payment required by the Contract to Respondent's bank on October 18, 2016. Award, page 4.

7. Respondent never provided the pipe to Petitioner, and never returned the payment for the pipe to Petitioner. Award, page 4.

8. Pursuant to Article 8 of the Contract, the parties agreed to arbitrate any disputes: The operative language reads:

> "[A]ll the disputes and differences arisen [sic] out of the present Contract or in connection with it, will be settled in the International Commercial Arbitration Court at the Chamber of Commerce of Ukraine, Kyiv in accordance with the Rules of the mentioned Court which decision will be final and binding to both Parties. The parties

---

[1] References to the "Award" herein are to the English version, Exhibit A.

2

docs-100010679.1

    have come to agreement that the law governing this Contract is the law of substance of Ukraine.

9. On February 20, 2017, Petitioner filed its claim with the Arbitration Court, for $918,000 plus applicable costs and fees. Award, page 4.

10. Copies of the claim materials, together with a variety of documents regarding the proceeding, were served on Respondent by DHL courier on March 15, 2017. Award, page 5.

11. Respondent did not appear nor communicate with the Arbitration Court, and on May 11, 2017, the President of the Ukrainian Chamber of Commerce, pursuant to Ukrainian law, appointed an arbitrator for Respondent. Award, page 5.

12. On May 12, 2017, the summons and other papers relating to the arbitration were sent by DHL courier to Respondent. They were received by Respondent May 15, 2017. Award, page 5.

13. The arbitration hearing on Petitioner's claim was set for June 20, 2017, and on information and belief the hearing was conducted on that date. Award, page 5.

14. On information and belief, Respondent did not attend the hearing, nor was Respondent represented at the hearing.

15. In a letter dated January 24, 2017, Respondent did "not deny a fact of non-fulfillment of his contractual obligation to the [Petitioner] in full, explaining that the delay in delivery of pipes of alloy steel was caused by freeze of funds by J.P.Morgan Chase Bank (New York)." Award, page 6, numbered paragraph 5 (English translation). This letter, which was sent to Leonid Shyman, General Director of PCP by Dewan Bachai, the individual who signed the October 10, 2016 contract on behalf of Respondent, was provided to the Arbitrators by Petitioner.

3

16. Respondent has taken no steps since the submission of this letter to seek to re-open the arbitration proceeding that resulted in the Award of June 20, 2017, or to take any action in the courts of Ukraine to set aside the Award.

17. Both the United States and Ukraine are parties to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.

WHEREFORE, petitioner respectfully requests that:

1. An order be made confirming the Award of the Arbitration Court against Respondent in the amount of $937,380, together with interest from June 20, 2017.

2. Judgment be entered in conformity therewith;

3. Petitioner be awarded the costs and disbursements of this judicial proceeding, and

4. Petitioner be awarded such other and further relief as may be proper.

                Respectfully submitted

                /s/ Jeffrey E. Glen
                Anderson Kill P.C.
                New York, NY 10020
                Tel. 212-278-1000

                *Attorneys for Petitioner*

Dated: New York, New York
        April 26, 2017