# EXHIBIT A



# МІЖНАРОДНИЙ КОМЕРЦІЙНИЙ АРБІТРАЖНИЙ СУД КОПІЯ
## при ТОРГОВО-ПРОМИСЛОВІЙ ПАЛАТІ УКРАЇНИ
### INTERNATIONAL COMMERCIAL ARBITRATION COURT
### AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY

вул. Велика Житомирська, 33, 01601, м. Київ, МСП, Україна,
Телефон: (044) 586-51-87 (секретаріат), (044) 584-33-00 (Голова)
Факс: (044) 584-28-27, e-mail: icac@ucci.org.ua
http://www.ucci.org.ua
Розрахунковий рахунок № 260020128332 в Укрексімбанку
м.Києва, МФО 322313, код ОКПО 00016934

33, vul. Velyka Zhytomyrska, Kyiv, 01601, Ukraine
Phone: (044) 586-51-87 (Secretariat), (044) 584-33-00 (President)
Fax: (044) 584-28-27, e-mail: icac@ucci.org.ua
http://www.ucci.org.ua
Current hard currency account No.260020128332/840
in the Ukreximbank of Kyiv, MFO No. 322313

Дело АС № 70а/2017

# РЕШЕНИЕ

г. Киев                                   20 июня 2017 года

Международный коммерческий арбитражный суд при Торгово-промышленной палате Украины в составе :

председателя состава — **Чижикова Геннадия Дмитриевича**

арбитров — **Герасименко Юлии Викторовны**

— **Балюк Галины Ивановны**

рассмотрел в заседании дело по иску Государственного предприятия «Научно-производственное объединение «Павлоградский химический завод» (Украина) к PETROLEUM & MATERIALS LLC (США) о взыскании 918 000 долларов США предварительной оплаты за непоставленный товар, а также о возмещении расходов по уплате арбитражного сбора.

В заседании Арбитражного суда по делу приняли участие представители истца : Крапивко Михаил Леонидович на основании доверенности № 25/256-79 от 19 июня 2017 года, Иванченко Татьяна Олеговна на основании доверенности № 25/256-80 от 19 июня 2017 года и Григоренко Дмитрий Анатольевич на основании доверенности № 25/256-82 от 19 июня 2017 года. Все доверенности выданы сроком на один год (до 19 июня 2018 года) и подписаны генеральным директором Государственного предприятия «Научно-производственное объединение «Павлоградский химический завод» – главным конструктором РДТТ Л.Н. Шиманом.

Ответчик, будучи надлежащим образом уведомлен о дате слушания дела, своего представителя для участия в заседании Арбитражного суда не командировал, что в соответствии со ст. 38 Регламента Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины не является препятствием для продолжения арбитражного разбирательства и вынесения решения на основе имеющихся в деле доказательств.

Правовым основанием рассмотрения дела в Международном коммерческом арбитражном суде при Торгово-промышленной палате Украины является пункт 8.2 контракта № 400024-16, заключенного сторонами 10 октября 2016 года согласно которому «если стороны не пришли к согласию, все споры и разногласия, которые возникли при исполнении данного контракта или в связи с

ним, будут разрешаться в Международном коммерческом арбитражном суде при Торгово-промышленной палате Украины, г. Киев, с применением регламента указанного суда, решение которого будет обязательным для обеих сторон и обжалованию не подлежит. Стороны договорились, что правом, регулирующим данный контракт, является материальное право Украины».

Рассмотрев материалы дела, выслушав пояснения представителей истца,
**Арбитражный суд установил :**

10 октября 2016 года Государственное предприятие «Научно-производственное объединение «Павлоградский химический завод» (Украина) (покупатель) и PETROLEUM & MATERIALS LLC (США) (продавец) заключили контракт № 400024-16 (далее – контракт), согласно условиям которого продавец обязался поставить, а покупатель – принять и оплатить товар : бесшовные трубы из легированной стали для химических производств диаметром 308 мм согласно условиям контракта (п.1.1 контракта).

Общее количество товара по контракту – 120 (сто двадцать) метров погонных (п.1.3 контракта).

Валюта расчетов по контракту – доллар США (п.2.1 контракта).

Общая стоимость контракта составляет 918 000 USD (девятьсот восемнадцать тысяч долларов США) (п.2.2 контракта).

Единицей товара является метр погонный и его стоимость составляет 7 650 USD (семь тысяч шестьсот пятьдесят долларов США) за 1 метр погонный (п.2.3 контракта).

Поставка товара по контракту осуществляется на условиях CIF Одесса в срок 70 (семьдесят) календарных дней с момента осуществления покупателем оплаты согласно п.4.1 контракта (п.3.1 контракта).

Одновременно с товаром продавец направляет покупателю оригиналы следующих документов : счет-фактура; коносамент; сертификат происхождения товара; сертификат соответствия; экспортная декларация; упаковочные листы, и т.д. (п.3.2 контракта).

Производитель товара и страна происхождения указываются в товаросопроводительных документах (п.3.3 контракта).

Стороны подтверждают, что товар, который подлежит поставке по контракту, будет пересекать государственную границу и будет ввезен на территорию государства Украина (п.3.5 контракта).

Расчет по контракту осуществляется в порядке предварительной оплаты 100% стоимости товара в срок 10 (десять) банковских дней после получения покупателем счета продавца (п.4.1 контракта).

Товары считаются сданными продавцом и принятыми покупателем : по количеству – согласно товаросопроводительным документам, по качеству – согласно качеству, указанному в сертификате соответствия завода-производителя, и условиям, указанным в спецификации (п.5.1 контракта).

В случае просрочки поставки товара свыше трех месяцев со дня осуществления покупателем оплаты продавец, кроме оплаты штрафных санкций, возвращает средства в полном объеме (п.6.4 контракта).

Контракт вступает в силу после его подписания обеими сторонами и действует до 31 декабря 2017 года (п.9.1 контракта).

Окончание срока действия контракта не освобождает стороны от ответственности за его нарушение, которое имело место на протяжении действия контракта (п.9.2 контракта).

20 февраля 2017 года в Международный коммерческий арбитражный суд при Торгово-промышленной палате Украины поступило исковое заявление Государственного предприятия «Научно-производственное объединение «Павлоградский химический завод» (Украина) (№ 56/1-33 от 14 февраля 2017 года) о взыскании с PETROLEUM & MATERIALS LLC (США) 918 000 долларов США – предварительной оплаты за непоставленный товар, а также о возмещении расходов по уплате арбитражного сбора.

Свои исковые требования истец мотивировал тем, что во исполнение взятых на себя обязательств по контракту он в октябре 2016 года на основании выставленного ответчиком счета № 1/16 от 10 октября 2016 года перечислил на счет ответчика в порядке предварительной оплаты 100% стоимости подлежащего поставке товара в размере 918 000 долларов США.

Согласно условиям контракта ответчик обязан был произвести поставку товара в адрес истца в срок не позднее 27 декабря 2016 года.

Однако ответчик вопреки условиям контракта взятых на себя обязательств не выполнил, и товар, стоимость которого предварительно оплатил истец, в адрес истца не поставил.

В исковом заявлении истец сообщил о том, что неоднократно обращался к ответчику с требованием о возврате денежных средств ввиду непоставки товара по контракту (в том числе в письмах № 56/1-2 от 5 января 2017 года, № 56/1-15 от 2 февраля 2017 года), но ответчик сумму предварительной оплаты в размере 918 000 долларов США истцу не возвратил, а в письме от 24 января 2017 года уведомил истца о задержке в сроках поставки товара по контракту на неопределенный срок.

Поскольку ответчик в предусмотренный контрактом срок товар, являющийся предметом контракта, в адрес истца не поставил, и денежные средства из-за непоставки товара истцу не возвратил, истец был вынужден обратиться в Международный коммерческий арбитражный суд при Торгово-промышленной палаты Украины с исковым заявлением о принудительном взыскании с ответчика суммы предварительной оплаты за непоставленный товар в размере 918 000 долларов США. Одновременно истец в исковом заявлении ходатайствует о возмещении ответчиком расходов истца по уплате арбитражного сбора.

Постановлением Председателя Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины от 20 февраля 2017 года дело принято к производству в МКАС при ТПП Украины за № 70а/2017.

Письмом № 56/1-46 от 10 марта 2017 года истец уведомил МКАС при ТПП Украины о назначении арбитром по делу со своей стороны Герасименко Юлии Викторовны.

14 марта 2017 года (после полной оплаты истцом арбитражного сбора)

Международный коммерческий арбитражный суд при Торгово-промышленной палате Украины направил ответчику курьерской почтой DHL (по авианакладной № 7596286073) копии исковых материалов, Регламент, Список арбитров МКАС при ТПП Украины с предложением в 30-дневный срок с момента получения письма представить отзыв на исковое заявление и сообщить МКАС при ТПП Украины имя и фамилию назначенного им арбитра.

Согласно письму курьерской почтовой службы DHL от 16 марта 2017 года пакет документов, направленных по авианакладной № 7596286073, вручен адресату – ответчику по делу – 15 марта 2017 года.

Несмотря на то, что с момента получения ответчиком письма МКАС при ТПП Украины с предложением о назначении арбитра прошло 58 дней, ответчик имя и фамилию назначенного им арбитра МКАС при ТПП Украины не сообщил.

В связи с этим Президент Торгово-промышленной палаты Украины, руководствуясь п.1 ст. 6 и п.3 ст. 11 Закона Украины «О международном коммерческом арбитраже», постановлением от 11 мая 2017 года назначил арбитром за ответчика по делу АС № 70а/2017 Балюк Галину Ивановну.

Постановлением от 11 мая 2017 года арбитры Герасименко Юлия Викторовна и Балюк Галина Ивановна назначили председателем состава Арбитражного суда по делу АС № 70а/2017 Чижикова Геннадия Дмитриевича.

Рассмотрение дела АС № 70а/2017 назначено на 20 июня 2017 года на 14 часов 00 минут по адресу : г. Киев, ул. Большая Житомирская, 33.

Повестка с указанием даты, времени, места рассмотрения дела, состава Арбитражного суда и постановление Президента Торгово-промышленной палаты Украины от 11 мая 2017 года о назначении арбитра за ответчика направлены : истцу – 12 мая 2017 года заказным письмом с уведомлением о вручении по почтовой квитанции № 04053 30571594, ответчику – 12 мая 2017 года курьерской почтой DHL по авианакладной № 7976301620.

Согласно имеющемуся в деле уведомлению о вручении с подписями адресата, почтового служащего и штемпелем почтового ведомства Украины заказное письмо № 04053 30571594 получено истцом 17 мая 2017 года.

Согласно письму курьерской почтовой службы DHL от 16 мая 2017 года пакет документов, направленных по авианакладной № 7976301620, вручен адресату – ответчику по делу – 15 мая 2017 года.

В заседании Арбитражного суда по делу представители истца дали необходимые пояснения по сути спора и поддержали заявленные истцом исковые требования в полном объеме.

Кроме того, представители истца в ходе арбитражного разбирательства по делу выразили согласие с тем, чтобы решение МКАС при ТПП Украины по делу АС № 70а/2017 было оформлено на русском языке.

Также истцом представлена и приобщена к материалам дела справка Публичного акционерного общества Акционерный банк «Укргазбанк» Отделение № 180/03 (№ 5-180/03/125/2017 от 20 июня 2017 года), в которой указано, что по состоянию на 20 июня 2017 года валютные денежные средства в сумме 918 000 долларов США, которые были перечислены по контракту      № 400024-16 от 10 октября 2016 года со счета Государственного предприятия «Научно-

производственное объединение «Павлоградский химический завод» получателю PETROLEUM & MATERIALS LLC, возвращены не были.

**Принимая во внимание, что :**

**1.** Стороны 10 октября 2016 года заключили контракт № 400024-16, который предусматривает компетенцию Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины на разрешение споров, возникающих при выполнении этого контракта или в связи с ним, с применением материального права Украины.

Учитывая, что контракт № 400024-16 от 10 октября 2016 года является международным договором купли-продажи (продавец принял на себя обязательство передать в собственность, а покупатель – принять и оплатить товар), а стороны контракта имеют коммерческие предприятия на территории разных государств (Украина и Соединенные Штаты Америки), Арбитражный суд пришел к выводу, что спор подпадает под субъектную и объектную компетенцию Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины, определенную статьей 1 Закона Украины «О международном коммерческом арбитраже» и пунктом 2 Положения о Международном коммерческом арбитражном суде при Торгово-промышленной палате Украины.

В ходе арбитражного разбирательства дела каких-либо заявлений об отсутствии у Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины компетенции рассматривать данный спор или превышении Международным коммерческим арбитражным судом при Торгово-промышленной палате Украины пределов своей компетенции в порядке, предусмотренном статьей 16 Закона Украины «О международном коммерческом арбитраже», ни от одной из сторон не поступало.

На основании положений статей 1, 7, 16 Закона Украины «О международном коммерческом арбитраже», статей 1, 2, 3 Регламента МКАС при ТПП Украины Арбитражный суд считает, что обладает компетенцией рассматривать и разрешать спор, возникший из контракта.

Кроме того, Арбитражный суд констатирует, что в ходе арбитражного разбирательства по делу ни от одной из сторон не поступало каких-либо возражений против несоблюдения требований арбитражной оговорки, содержащейся в контракте, Регламента МКАС при ТПП Украины и Закона Украины «О международном коммерческом арбитраже», в связи с чем стороны на основании статьи 4 Закона Украины «О международном коммерческом арбитраже» считаются отказавшимися от своего права на возражение по этим вопросам.

**2.** Язык арбитражного разбирательства сторонами в арбитражной оговорке не согласован.

Согласно п.2 ст. 11 Регламента МКАС при ТПП Украины стороны могут по своему усмотрению договориться о языке или языках, которые будут использоваться в ходе арбитражного разбирательства.

В случае отсутствия такой договоренности Арбитражный суд определяет язык или языки, которые должны быть использованы при разбирательстве дела. Такого рода договоренность или определение, если в них не оговорено иное,

относится к любому письменному заявлению стороны, любому слушанию дела, ко всем решениям, постановлениям и иным уведомлениям Арбитражного суда.

Контракт № 400024-16 от 10 октября 2016 года заключен сторонами на украинском и английском языках, исковое заявление и вся последующая процессуальная корреспонденция по делу, направленная в адрес ответчика, оформлены на русском языке, решение по делу истец просил оформить также на русском языке.

Ответчик против русского языка, как языка арбитражного разбирательства, не возразил.

Исходя из этого и учитывая отсутствие договоренности сторон, Арбитражный суд определил языком арбитражного разбирательства по делу русский язык.

3. Во исполнение своих обязательств по контракту истец 18 октября 2016 года перечислил на счет ответчика на основании выставленного последним счета № 1/16 от 10 октября 2016 года предварительную оплату за подлежащий поставке товар по контракту (бесшовные трубы из легированной стали для химических производств диаметром 308 мм) в сумме 918 000 (девятьсот восемнадцать тысяч) долларов США, что подтверждается имеющимся в материалах дела платежным поручением в иностранной валюте или банковских металлах № 44 от 18 октября 2016 года с календарным штемпелем Публичного акционерного общества Акционерный банк «Укргазбанк» Отделение № 180/03.

4. Ответчик денежные средства, перечисленные истцом в качестве предварительной оплаты, получил, однако товар, являющийся предметом контракта, ни в оговоренные сроки, ни позднее не поставил, и сумму предварительной оплаты ввиду длительной непоставки товара, как это предусмотрено п.6.4 контракта, истцу не возвратил.

5. Исковые материалы и повестку с указанием даты рассмотрения дела ответчик получил, о сути исковых требований уведомлен надлежащим образом, однако отзыв на исковое заявление не представил, предъявленный к нему иск не оспорил.

6. Как следует из содержания имеющегося в материалах дела письма ответчика от 24 января 2017 года, он не отрицает факт невыполнения им в полном объеме своих обязательств по контракту перед истцом, мотивируя задержку в поставке труб из легированной стали замораживанием средств со стороны банка JP Morgan Chase Bank (Нью-Йорк).

7. Согласно ст. 655 Гражданского кодекса Украины по договору купли-продажи одна сторона (продавец) передает или обязуется передать имущество (товар) в собственность другой стороне (покупателю), а покупатель принимает или обязуется принять имущество (товар) и уплатить за него определенную денежную сумму.

В соответствии со ст. 663 Гражданского кодекса Украины продавец обязан передать товар покупателю в срок, установленный договором купли-продажи.

В соответствии с ч.2 ст. 693 Гражданского кодекса Украины если продавец, получивший сумму предварительной оплаты товара, не передал товар в установленный срок, покупатель имеет право требовать передачи оплаченного

товара или возврата суммы предварительной оплаты.

Поскольку ответчик предварительную оплату за товар получил, но товар истцу не поставил, и полученные денежные средства на счет истца не возвратил, исковые требования истца о взыскании с ответчика 918 000 долларов США – предварительной оплаты за непоставленный товар являются обоснованными, подтверждены документальными доказательствами и на основании ст. 655, ч.2 ст. 693 Гражданского кодекса Украины подлежат удовлетворению в полном объеме.

8. Согласно п.1 раздела VI Положения об арбитражных сборах и расходах, в котором установлено, что при отсутствии договоренности сторон об ином арбитражный сбор возлагается на сторону, против которой состоялось решение, уплаченный истцом арбитражный сбор в сумме 522 637,07 гривен, что по курсу Национального банка Украины на даты платежей эквивалентно 19 380 долларов США, подлежит возмещению за счет ответчика.

Руководствуясь условиями контракта № 400024-16, заключенного сторонами 10 октября 2016 года, ст. 526, ст. 655, ст. 663, ч.2 ст. 693 Гражданского кодекса Украины, ст. 31 Закона Украины «О международном коммерческом арбитраже», ст.ст. 38, 48, 49 Регламента Международного коммерческого арбитражного суда при Торгово-промышленной палате Украины, п.1 раздела VI Положения об арбитражных сборах и расходах,

## АРБИТРАЖНЫЙ СУД РЕШИЛ :

Взыскать с PETROLEUM & MATERIALS LLC (350 Veterans Memmorial Hwy. Commack, NY 11725 New York, USA account type: 813302358) в пользу Государственного предприятия «Научно-производственное объединение «Павлоградский химический завод» (Украина, 51402, Днепропетровская область, г. Павлоград, ул. Заводская, 44, код ЕГРПОУ 14310112) 918 000 долларов США – предварительную оплату за непоставленный товар и, кроме того, 19 380 долларов США в возмещение расходов по уплате арбитражного сбора, а всего 937 380 (девятьсот тридцать семь тысяч триста восемьдесят) долларов США.

Решение вступает в законную силу с 20 июня 2017 года, является окончательным и подлежит немедленному исполнению.

Решение составлено и подписано в трех подлинных экземплярах, из которых один предназначен для хранения в материалах дела, один – для истца, один – для ответчика.

Председатель состава
Арбитражного суда                                                   Г.Д. Чижиков

Арбитры                                                                     Ю.В. Герасименко

                                                                                   Г.И. Балюк



Місто Харків, Україна.

2 2 БЕР 2018 _____ року.

Я, Зінченко Р.П., приватний нотаріус Харківського міського нотаріального округу Харківської області, засвідчую вірність цієї копії з оригіналу документа, в останньому підчисток, дописок, закреслених слів, незастережених виправлень або інших особливостей не виявлено.

Зареєстровано в реєстрі за № 1099
Стягнуто плати за домовленістю, згідно ст.31
Закона України «Про нотаріат»
Приватний нотаріус



| | Apostille<br>Апостиль<br>(Convention de La Haye du 5 octobre 1961<br>Гаазька Конвенція від 5 жовтня 1961 року) | | |
|---|---|---|---|
| 1. Країна: | Україна | | |
| | Цей офіційний документ | | |
| 2. підписаний | Зінченко Р.П. | | |
| 3. у якості | приватного нотаріуса | | |
| 4. містить проставлену печатку / штамп | приватного нотаріуса Харківського міського нотаріального округу | | |
| | Підтверджено | | |
| 5. в | м. Києві | 6. дата | 22.03.2018 |
| 7. ким | завідувачем сектору Міністерства юстиції України Даценко Д.А. | | |
| 8. за № | 1624531 | | |
| 9. Печатка / штамп | | 10. Підпис | |
| Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України | | | |

Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

---

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

---

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature.

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua

Прошито, пронумеровано
та скріплено печаткою
Провідний спеціаліст відд
реєстрації актів цивільного
Управління державної реєс
Головного територіального
управління Харківській облас
А.В.М
2018

Міністерство юстиції
України
Для проставлення апостиля
№ 287

*Translation from Russian/Ukrainian into English*

COPY



## МІЖНАРОДНИЙ КОМЕРЦІЙНИЙ АРБІТРАЖНИЙ СУД
## при ТОРГОВО-ПРОМИСЛОВІЙ ПАЛАТІ УКРАЇНИ
### INTERNATIONAL COMMERCIAL ARBITRATION COURT
### AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY

вул. Велика Житомирська, 33, 01601, м. Київ, МСП, Україна,
Телефон: (044) 270-51-87 (секретаріат), (044) 272-33-00 (Голова) (President)
Факс: (044) 279-54-34, (044) 272-33-53, e-mail: icac@ucci.org.ua
icac@ucci.org.ua
http://www.ucci.org.ua
Розрахунковий рахунок № 260020128332 в Укрексімбанку
м.Києва, МФО 322313, код ОКПО 00016934

33, vul. Velyka Zhytomyrska, Kyiv, 01601, Ukraine
Phone: (044) 270-51-87 (Secretariat), (044) 272-33-00
Fax: (044) 279-54-34, (044) 272-33-53, e-mail:
http://www.ucci.org.ua
Current hard currency account No.260020128332/840
in the Ukreximbank of Kyiv, MFO No. 322313

Case AC № 70a/2017

## AWARD

Kiev                                                                    June 20, 2017

The International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry composed of:

Presiding Arbitrator   -   **Gennadiy D. Chyzhykov**

Arbitrators            -   **Yuliya V. Gerasymenko**

                       -   **Galyna I. Baliuk**

has considered at the hearing the case on a claim of State Enterprise Research-Industrial Complex "Pavlograd Chemical Plant" (Ukraine) to PETROLEUM & MATERIALS LLC (USA) on recovery of US Dollars 918,000.00 of an advance payment for the undelivered goods, as well as on compensation of arbitration fee payment.

The following representatives of the Claimant participated in the Arbitration Court hearing of the case: Mikhail L. Krapivko under Power of Attorney No.25/256-79 dated June 19, 2017, Tatiana O. Ivanchenko under Power of Attorney No.25/256-80 dated June 19, 2017 and Dmitriy A. Grigorenko under Power of Attorney No.25/256-82 dated June 19, 2017. All Powers of Attorney are issued for a period of one year (till June 19, 2018) and signed by Leonid N. Shyman, General Director of State Enterprise Research- Industrial Complex "Pavlograd Chemical Plant" – General Designer of SPRM.

Being duly notified of the date of the hearing, the Respondent failed to send his representative to participate in the Arbitration Court hearing, which is not an impediment to continue the proceedings and to make the award on the evidence before it in the case in accordance with Article 38 of the Rules of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry.

A legal ground for the case consideration by the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (ICAC at the UCCI) is the Clause 8.2 of the Contract No.400024-16 concluded between the Parties on October 10, 2016 stating that "If the Parties fail to come to agreement, all the disputes and differences arisen out of the present Contract or in connection with it, will be settled in the International Commercial Arbitration Court at the

-2-

Chamber of Commerce, and Industry of Ukraine, Kiev in accordance with the Rules of the mentioned Court which award will be final and binding to both Parties. The Parties have come to agreement that the law governing this Contract is the law of substance of Ukraine".

Having examined the case materials and having heard Claimant's representatives explanations,

### Arbitration Court determined:

On October 10, 2016 the State Enterprise Research- Industrial Complex "Pavlograd Chemical Plant" (Ukraine) (Buyer) and PETROLEUM & MATERIALS LLC (USA) (Seller) concluded the Contract No. 400024-16 (hereinafter the Contract), under which the Seller shall supply and the Buyer shall accept and pay for the Goods: seamless pipes made of alloy steel for chemical production with diameter of 308 mm under the terms of the Contract (Clause 1.1 of the Contract).

The total quantity of the Goods under the Contract - 120 (one hundred and twenty) running meters (Clause 1.3 of the Contract).

The currency of settlements under the Contract - US dollar (Clause 2.1 of the Contract).

The total value of the Contract amounts to US Dollars 918,000.00 (nine hundred eighteen thousand US dollars) (Clause 2.2 of the Contract).

The unit of Goods is running meter, the unit price amounts to US Dollars 7,650.00 (seven thousand six hundred and fifty US dollars) per a running meter (Clause 2.3 of the Contract).

The Goods under the Contract is supplied on CIF, ODESSA within the period of 70 (seventy) calendar days from the date of the implementation of the Buyer payment in accordance with Clause 4.1 of the Contract (Clause 3.1 of the Contract).

Along with the Goods the Seller shall send to the Buyer the following original documents: Invoice; Bill of lading; Certificate of Origin; Certificate of Conformity; Export Declaration; Packing Lists etc. (Clause 3.2 of the Contract).

The manufacturer and the country of origin of the Goods shall be specified in shipping documents (Clause 3.3 of the Contract).

The Parties confirm that the Goods to be supplied under the Contract shall cross the state border and be imported into the Ukraine territory (Clause 3.5 of the Contract).

The payment shall be made by way of advance payment of 100% value of the Goods within 10 (ten) banking days after the Buyer's receipt of the Seller's invoice. (Clause 4.1 of the Contract).

The Goods is considered to be delivered by the Seller and accepted by the Buyer as follows: in respect of quantity – according to the shipping documents, in respect of quality - according to the quality specified in the manufacturing plant's Certificate of Conformity and conditions set forth in the Specification (Clause 5.1 of the Contract).

In case of delay in the Goods delivery of more than three months from the date of the Buyer's payment, the Seller shall return all the money besides the payment of the said fines (Clause 6.4 of the Contract).

The Contract comes into force after its signing by the both Parties and shall be valid till 31/12/2017 (Clause 9.1 of the Contract).

The termination of validity of the Contract does not release the Parties from the responsibility for its breach which took place during the validity of the Contract (Clause 9.2 of the Contract).

On February 20, 2017 the State Enterprise Research- Industrial Complex "Pavlograd Chemical Plant" (Ukraine) filed to the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (No. 56/1-33 dd. 14 February 2017) a claim on recovery of US Dollars 918, 000.00 from PETROLEUM & MATERIALS LLC (USA) of an advance payment for undelivered Goods as well as compensation of the arbitration fee payment expenses.

The Claimant motivated his claim by the fact that in October 2016, in pursuance of his contractual obligations, he transferred to the Respondent's account the sum equal to 100% value of the Goods to be supplied, in the amount of US Dollars 918,000.00 as an advance payment, according to the Respondent's invoice No. 1/16 dd. 10 October 2016.

According to the terms of the Contract the Respondent was obliged to supply the Goods to the Claimant on December 27, 2016 at the latest.

However, the Respondent, contrary to the Contract terms, has not fulfilled his contractual obligations, has not supplied to the Claimant the Goods paid by the Claimant in advance.

The Claimant stated in his Statement of Claim that he had repeatedly addressed a request to the Respondent concerning the return of money due to non-delivery of the Goods under the Contract (including letters No. 56/1-2 dd. January 5, 2017 and No. 56/1-15 dd. February 2, 2017), but the Respondent has not returned to the Claimant the sum of the advance payment of US Dollars 918,000.00; and in his Letter dd. January 24, 2017 he notified the Claimant about a delay in the terms of the Goods' supply under the Contract for an indefinite term.

Since the Respondent has failed to supply to the Claimant the Goods being the subject of the Contract, within the time stipulated by the Contract, and to return to the Claimant the money due to non-delivery of the Goods, the Claimant was forced to file a Statement of Claim with the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry on recovery from the Respondent of the advance payment for undelivered Goods amounting to US Dollars 918,000.00. At the same time, in his Statement of Claim the Claimant applied for compensation by the Respondent of the Claimant's expenses for arbitration fee payment.

By the Order of the President of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry dd. February 20, 2017 the proceedings were initiated in the ICAC at the UCCI under № 70a/2017.

By Letter No. 56/1-46 of March 10, 2017 the Claimant notified the ICAC at the UCCI that Yuliya V. Gerasymenko was appointed an arbitrator on behalf of the Claimant.

On March 14, 2017 (after the full payment by the Claimant of the arbitration fee),

-4-

International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry sent to the Respondent by DHL courier service (under airway bill No. 7596286073) copies of claim materials, the Rules, the List of Arbitrators of the ICAC at the UCCI with a proposal to submit, within 30 days after receipt of the letter, his Statement of Defense and communicate the name and surname of the arbitrator appointed by him to the ICAC at the UCCI.

According to the letter of DHL courier service dd. March 16, 2017, the package of documents sent under airway bill No.7596286073 was served to the addressee – the Respondent on March 15, 2017.

Despite the fact that 58 days had passed since the Respondent's receipt of the letter of the ICAC at the UCCI with a proposal to appoint an arbitrator, the Respondent did not communicate the name and surname of the arbitrator appointed by him to the ICAC at the UCCI.

In this respect the President of the Ukrainian Chamber of Commerce and Industry based on item1 of Art.6 and item 3 of Art.11 of the Law of Ukraine "On International Commercial Arbitration" with the resolution dd. May 11, 2017 appointed, in place of the Respondent, Galyna Ivanovna Baliuk the Defendant's arbitrator for case AC № 70a/2017.

By the resolution dd. May 11, 2017 arbitrators Yuliya Viktorovna Gerasymenko and Galina Ivanovna Baliuk appointed Gennadiy Dmitriyevich Chyzhykov as the Presiding Arbitrator of the Arbitration Court for case AC № 70a/2017.

Hearing of the case AC № 70a/2017 was set for June 20, 2017 at 14 hours 00 minutes at the address : 33, ul. Velyka Zhytomyrska, Kyiv, 01601, Ukraine.

The summons specifying the date, time, place of case hearing, composition of the Arbitral Tribunal and the resolution of the President of the Ukrainian Chamber of Commerce and Industry dd. May 11, 2017 on the appointment of an arbitrator in place of the Respondent were forwarded: to the Claimant- on May 12, 2017 by recorded delivery with acknowledgement of receipt as per mail receipt No. 04053 30571594, to the Respondent- on May 12, 2017 by DHL courier service under airway bill No. 7976301620.

According to the available in the case acknowledgement of receipt signed by the addressee, the postal officer and a stamp of the Postal Office of Ukraine, the registered letter No. 04053 30571594 was received by the Claimant on May 17, 2017.

According to the letter of DHL courier service dd. May 16, 2017 the package of documents forwarded under airway bill No.7976301620 was served to the addressee - the Respondent on May 15, 2017.

At the arbitration hearing of the case, the Claimant's representatives provided necessary explanations with regard to the matter of the dispute and affirmed the Claimant's claim in full.

Furthermore, in the course of arbitration proceedings, the Claimant's representatives expressed their consent to issue the award of the ICAC at the UCCI on case AC № 70a/2017 in the Russian language.

Also, the Claimant also presented and entered into the case file a certificate from the Public Joint Stock Company Joint Stock Bank "Ukrgasbank" Branch No. 180/03 (No. 5-180/03/125/2017 dd. 20 June 2017) stating that as of June 20, 2017 the currency funds amounting to US dollars 918, 000.00, transferred under the Contract No. 400024-16 dd. October 10, 2016 from the bank account of State Enterprise Research

-5-

ndustrial Complex "Pavlograd Chemical Plant" to the receiver PD INDUSTRIAL MATERIALS LLC, have not been returned.

Considering that:

1. On October 10, 2016 the Parties concluded the Contract No. 400024-16 which envisages jurisdiction of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry for settlement of disputes arisen out of the Contract or in connection with it, with applying the Law of substance of Ukraine.

Taking into account that Contract No. 400024-16 dd. October 10, 2016 is an international Agreement of Sale (Seller undertook to transfer Goods to the possession, and Buyer – to accept and pay for Goods), and the Contract Parties have place of business in different countries (Ukraine and the United States of America), the Arbitration Court has come to the conclusion that the dispute, as to the subjects and the object of the contractual relations, falls within jurisdiction of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry, as stipulated by Article 1 of the Law of Ukraine "On International Commercial Arbitration" and Article 2 of the Rules of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry.

In the course of arbitration proceedings neither of the Parties presented any claims relative to lack of jurisdiction of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry to consider this dispute, or the excess of scope of its jurisdiction by the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry according to the procedure stipulated by Article 16 of the Law of Ukraine "On International Commercial Arbitration".

Based on provisions of Articles 1, 7 and 16 of the Law of Ukraine "On International Commercial Arbitration", Articles 1, 2 and 3 of the Rules of the ICAC at the UCCI, the Arbitration Court believes that it has jurisdiction to consider and settle the dispute arisen out of the Contract.

In addition, the Arbitration Court states that in the course of arbitration proceedings neither of the Parties presented any objections as to non-observance of the arbitration clause of the Contract, the Rules of the ICAC at the UCCI and the Law of Ukraine "On International Commercial Arbitration", therefore in accordance with Art. 4 of the Law of Ukraine "On International Commercial Arbitration" the Parties are considered as having resigned their right to object these issues.

2. The language of the arbitral proceedings was not been agreed by the arbitration clause.

Under item 2 of Art. 11 of the Rules of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry the Parties are free at their discretion to agree on the language or languages to be used in the arbitral proceedings.

Failing such agreement, the Arbitration Court shall determine the language or languages to be used in the proceedings. This agreement or determination, unless otherwise specified therein, shall apply to any written statement by a party, any hearing and any award, decision or other communication by the ICAC.

Contract No. 400024-16 dd. October 10, 2016 was concluded between the Parties in Ukrainian and English; the Statement of Claim and all further procedural correspondence on the case sent to the Respondent, was prepared in Russian language, and the Claimant also requested that the Award on the case should be issued in Russian language.

-6-

The Respondent filed no objections to Russian language of the arbitration proceedings.

On the basis of the above and taking into account failing such agreement between the Parties, the arbitration court decided the Russian language to be the language of the arbitration proceedings.

3. In pursuance of his contractual obligations, on October 18, 2016 the Claimant transferred to the Respondent's account the sum of an advance payment for the Goods to be supplied under the Contract (seamless pipes made of alloy steel for chemical production with diameter of 308 mm) in the amount of US Dollars 918,000.00 (nine hundred eighteen thousand US dollars) according to the Respondent's invoice No. 1/16 dd. October 10, 2016, which is justified by payment order No. 44 dd. October 18, 2016 available in the case materials, in foreign currency or bank metals, with a date-stamp of the Public Joint Stock Company Joint Stock Bank "Ukrgasbank" Branch No. 180/03.

4. The Respondent has received the money transferred by the Claimant as an advance payment, but has not supplied the Goods being the subject of the Contract within the defined period nor later, and has not returned to the Claimant the advance payment in view of a long non-delivery of the Goods, as stipulated in Clause 6.4 of the Contract.

5. The Respondent received the claim materials and the summons specifying the date of the case hearing, was duly notified about the subject matter of the Claimant's claim, however did not submit a Statement of Defence, did not contested the claim.

6. As follows from the Respondent's letter dated January 24, 2017, available in the case materials, he does not deny a fact of non-fulfillment of his contractual obligations to the Claimant in full, explaining that the delay in delivery of pipes of alloy steel was caused by freeze of funds by J. P. MORGAN CHASE BANK (New-York).

7. As per Art. 655 of the Civil Code of Ukraine, under an agreement of sale one Party (Seller) transfers or undertakes to transfer the property (goods) to the possession of the other Party (Buyer), and the Buyer accepts or undertakes to accept the property (goods) and to pay for it a certain amount of money.

As per Art. 663 of the Civil Code of Ukraine, the Seller shall transfer the Goods to the Buyer within a period stipulated in the agreement of sale.

As per Part 2 of Art.693 of the Civil Code of Ukraine, if the Seller having received the advance payment for the Goods fails to transfer these Goods within a defined period, the Buyer has a right to require the Goods to be delivered or the advance payment to be returned.

Since the Respondent has received the advance payment for the Goods but failed to supply the Goods to the Claimant and to return the funds to the Claimant's account, the Claimant's claims on recovery of US Dollars 918,000.00 from the Respondent as the advance payment for undelivered Goods, are reasonable, proved by documentary evidences and based on Art. 655 and Part 2 of Art. 693 of the Civil Code of Ukraine are subject to be satisfied in full.

8. Pursuant Article 1 of Section VI of the Schedule on Arbitration Fees and Costs, which states that, unless the Parties have agreed otherwise, the arbitration fee shall be charged by the Party against which the award is made, the Respondent shall pay the arbitration fee in

-7-

the amount of UAH 522, 637.07 paid by the Claimant, which at the rate of the national Bank of Ukraine as of the dates of payments was equal to US Dollars 19, 380.00.

Taking into consideration the terms of Contract No. 400024-16, concluded between the Parties on October 10, 2016, as well as Art. 526, Art. 655, Art. 663, Part 2 of Art. 693 of the Civil Code of Ukraine, Art. 31 of the Law of Ukraine "On the International Commercial Arbitration", Articles 38, 48 and 49 of the Rules of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry, Article 1 of Section VI of the Schedule on Arbitration Fees and Costs,

## ARBITRATION COURT AWARDED:

To recover from PETROLEUM & MATERIALS LLC (350 Veterans Memorial Hwy. Commack, NY 11725 New York, USA account type: 813302358) in favour of State Enterprise Research- Industrial Complex "Pavlograd Chemical Plant" (44, Zavodskaya Str., Pavlograd, Dnipropetrovsk region, Ukraine, 51402, Identification code from Unified State Register of Enterprises and Organizations of Ukraine 14310112) US Dollars 918, 000.00 that is an advanced payment for the undelivered goods and, in addition, US Dollars 19, 380.00 as a compensation of the arbitration fee payment and a total of US Dollars 937,380.00 (nine hundred thirty seven thousand three hundred and eighty US Dollars)

The Award is effective as of June 20, 2017, is final and shall be implemented immediately.

The Award is made and signed in three authentic copies, one of which is intended for the case materials, one is for Claimant, one is for Respondent.

Stamp of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry

| | | |
|---|---|---|
| Presiding Arbitrator of the Arbitration Court | =Signature= | G. D. Chyzhykov |
| Arbitrators | =Signature= | Yu.V. Gerasymenko |
| | =Signature= | G.I. Baliuk |

Seal: *INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY*

Numbered, sewed and sealed 7 (seven) pages
Secretary General of International Commercial
Arbitration Court at the Ukrainian Chamber of
Commerce and Industry              =Signature=         Z.V. Litvinenko

Seal: *INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY*

Stamp:

City of Kharkiv, Ukraine, **March 22, 2018**

I, ZINCHENKO R.P.., Notary Private of Kharkiv Municipal Notarial District of Kharkiv region hereby certify the authenticity of this copy from original document, in which no erasures, additions, crossed out words, unauthorized corrections and any other specific points have been found.

Entry in the register under No. **1099**
Fee collected       by the agreement, acc. Art. 31 of the Notarial Law of Ukraine

**NOTARY PRIVATE**

Signature

Seal: "Notary Private Zinchenko Rymma Pavlivna, Kharkiv Municipal Notarial District of Kharkiv region"

Numbered, sewed and sealed 7 (seven) pages
Notary Private

**Signature**

Seal: "Notary Private Zinchenko Rymma Pavlivna, Kharkiv Municipal Notarial District of Kharkiv region"

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

| Apostille (Convention de La Haye du 5 octobre 1961 Hague Convention as of October 5, 1961) | | | |
|---|---|---|---|
| 1. Country: | Ukraine | | |
| This public document | | | |
| 2. has been signed by | Zinchenko R.P. | | |
| 3. acting in the capaCity of | Notary Private | | |
| 4. bears the seal/stamp of | Notary Private Zinchenko Rymma Pavlivna, Kharkiv Municipal Notarial District of Kharkiv region | | |
| Certified | | | |
| 5. in | City of Kyiv | 6. Date | 22.03.2018 |
| 7. by | Chief Specialist of the Ministry of Justice of Ukraine, Datsenko D.A. | | |
| 8. under No. | 1624531 | | |
| 9. Seal/Stamp | | 10. Signature | |
| Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine | | *(Signature)* | |

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and accompanied by the image of his/her signature.

To verify the issuance of this Apostille, see. www.apostille.minjust.gov.ua

Total numbered, bound and sealed 8 (eight) pages
Chief Specialist of the Kharkiv City Civil Acts Registry Office
of the Head Territorial Administration of Justice in Kharkiv Region
(Signature) A.V. Miroshnichenko
22.03.2018

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

Translated from Russian/Ukrainian into English by Anna O. Vashchenko, Sworn Translator.
Цей переклад з російської/української мови на англійську мову зроблено мною, перекладачем Ващенко Анною Олександрівною.

Місто Хар-

-ків, Україна

Другого квітня дві тисячі вісімнадцятого року.

Я, Зінченко Р.П., приватний нотаріус Харківського міського нотаріального округу засвідчую справжність підпису перекладача **Ващенко Анни Олександрівни**, який зроблено у моїй присутності.

Особу перекладача встановлено, його дієздатність та кваліфікацію перевірено.

Зареєстровано в реєстрі за № 1858

Стягнуто плати згідно ст. 31 Закону України "Про нотаріат".

*Приватний нотаріус*

Всього в цьому документі прошито, пронумеровано та скріплено печаткою та підписом 17 (сімнадцять) аркушів

Приватний нотаріус



| | | | |
|---|---|---|---|
| Apostille<br>Апостиль<br>(Convention de La Haye du 5 octobre 1961<br>Гаазька Конвенція від 5 жовтня 1961 року) | | | |
| 1. Країна: | Україна | | |
| Цей офіційний документ | | | |
| 2. підписаний | Зінченко Р.П. | | |
| 3. у якості | приватного нотаріуса | | |
| 4. містить проставлену печатку / штамп | приватного нотаріуса Харківського міського нотаріального округу | | |
| Підтверджено | | | |
| 5. в | м. Києві | 6. дата | 03.04.2018 |
| 7. ким | завідувачем сектору Міністерства юстиції України Даценко Д.А. | | |
| 8. за № | 1637278 | | |
| 9. Печатка / штамп | | 10. Підпис | |
| Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України | | | |



Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

---

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

---

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature.

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua

Прошито, пронумеровано
та скріплено печаткою ___
(_____) арк
Головний спеціаліст відділу держав
реєстрації актів цивільного стану
Управління державної реєстрації
Головного територіального управлінн
юстиції у Харківській області
О.О.Мякшина
2018р.

МІНІСТЕРСТВО ЮСТИЦІЇ
№287
для проставлення апостиля



# МІЖНАРОДНИЙ КОМЕРЦІЙНИЙ АРБІТРАЖНИЙ СУД КОПІЯ
## при ТОРГОВО-ПРОМИСЛОВІЙ ПАЛАТІ УКРАЇНИ
### INTERNATIONAL COMMERCIAL ARBITRATION COURT
### AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY

| | |
|---|---|
| вул. Велика Житомирська, 33, 01601, м. Київ, МСП, Україна, | 33, vul. Velyka Zhytomyrska, Kyiv, 01601, Ukraine |
| Телефон: (044) 586-51-87 (секретаріат), (044) 584-33-00 (Голова) | Phone: (044) 586-51-87 (Secretariat), (044) 584-33-00 (President) |
| Факс: (044) 584-28-27, e-mail: icac@ucci.org.ua | Fax: (044) 584-28-27, e-mail: icac@ucci.org.ua |
| http://www.ucci.org.ua | http://www.ucci.org.ua |
| Розрахунковий рахунок № 260020128332 в Укрексімбанку | Current hard currency account No.260020128332/840 |
| м.Києва, МФО 322313, код ОКПО 00016934 | in the Ukreximbank of Kyiv, MFO No. 322313 |

№ 2083 /14-6

24 липня 2017 року
Компетентному суду за місцем
виконання рішення

## Д О В І Д К А

Міжнародний комерційний арбітражний суд при Торгово-промисловій палаті України підтверджує, що його рішення у справі АС № 70а/2017 від 20 червня 2017 р. про стягнення з PETROLEUM & MATERIALS LLC (США) на користь Державного підприємства «Науково-виробниче об'єднання «Павлоградський хімічний завод» (Україна) 937380 доларів США є згідно із ст. 32 Закону України «Про міжнародний комерційний арбітраж» остаточним та набуло законної сили з дати його винесення — 20 червня 2017 року.

Відповідач у справі — PETROLEUM & MATERIALS LLC (США) — був належним чином повідомлений про всі стадії арбітражного розгляду, зокрема, йому вручені:

15.03.2017 р. — позовні матеріали, Регламент і Рекомендаційний список арбітрів МКАС при ТПП України, надіслані 14.03.2017р. кур'єрською поштою DHL авіанакладною № 7596286073 (згідно з листом кур'єрської пошти DHL від 16.03.2017

15.05.2017 р. — повістка із зазначенням дати, часу, місця розгляду справи, складу Арбітражного суду та постанова Президента Торгово-промислової плати України від 11 травня 2017 р. про призначення арбітра за відповідача, надіслані 12.05.2017 р. кур'єрською поштою DHL за авіанакладною № 7976301620 (згідно з листом кур'єрської пошти DHL від 16.05.2017 р.);

05.07.2017 р. — рішення МКАС при ТПП України від 20 червня 2017 р., надіслане 03.07.2017 р. кур'єрською поштою DHL за авіанакладною № 6569125426 (згідно з листом кур'єрської пошти DHL від 05.07.2017 р.).

Голова МКАС
при ТПП України

М.Ф. Селівон

Місто Харків, Україна.

2 8 БЕР 2018 року.

Я, Зінченко Р.П., приватний нотаріус Харківського міського нотаріального округу Харківської області, засвідчую вірність цієї копії з оригіналу документа, в останньому підчисток, дописок, закреслених слів, не застережених виправлень або інших особливостей не виявлено.

Зареєстровано в реєстрі за № _____
Стягнуто плати за домовленістю, згідно ст.31
Закону України «Про нотаріат»
Приватний нотаріус

| Apostille<br>Апостиль<br>(Convention de La Haye du 5 octobre 1961<br>Гаазька Конвенція від 5 жовтня 1961 року) | | | |
|---|---|---|---|
| 1. Країна: | Україна | | |
| Цей офіційний документ | | | |
| 2. підписаний | Зінченко Р.П. | | |
| 3. у якості | приватного нотаріуса | | |
| 4. містить проставлену печатку / штамп | приватного нотаріуса Харківського міського нотаріального округу | | |
| Підтверджено | | | |
| 5. в | м. Києві | 6. дата | 02.04.2018 |
| 7. ким | завідувачем сектору Міністерства юстиції України Даценко Д.А. | | |
| 8. за № | 1636135 | | |
| 9. Печатка / штамп | | 10. Підпис | |
| Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України | | | |



Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

---

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

---

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature.

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua

Прошито, пронумеровано
та скріплено печаткою
_____ oba _____
Головний спеціаліст відд
реєстрації актів цивільно
Управління державної ре
Головного територіальн
юстиції у Харківській об.
O.C

*Translation from Ukrainian into English*

COPY

### МЕЖДУНАРОДНИЙ КОМЕРЦІЙНИЙ АРБІТРАЖНИЙ СУД
### при ТОРГОВО-ПРОМИСЛОВІЙ ПАЛАТІ УКРАЇНИ
### INTERNATIONAL COMMERCIAL ARBITRATION COURT
### AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY

| | |
|---|---|
| вул. Велика Житомирська, 33, 01601, М. Київ, МСП, Україна | 33, vul. Velyka Zhytomyrska, Kyiv, 01601, Ukraine |
| Телефон: (044) 586-51-87 (секретаріат), (044)584-33-00 (Голова) | Phone: (044) 586-51-87 (Secretariat), (044)584-33-(President) |
| Факс: (044) 584-28-27, email: icac@ucci.org.ua | Fax: (044) 584-28-27, email: icac@ucci.org.ua |
| http://www.ucci.org.ua | http://www.ucci.org.ua |
| Розрахунковий рахунок № 260020128332 в Укрексімбанку | Current hard currency account No. 260020128332/840 |
| м.Києва, МФО 322313, код ОКПО 00016934 | in the Ukreximbank of Kyiv, MFO No. 322313 |

No 2083/14-6

July 24, 2017

To the Competent Court at the place
of enforcement of the award

## CERTIFICATE

The International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry hereby confirms that its award in the case AC №70a/2017 of June 20, 2017 on recovery of US Dollars 937,380.00 in favour of the State Enterprise Research- Industrial Complex "Pavlograd Chemical Plant" (Ukraine) from  PETROLEUM & MATERIALS LLC (USA) according to article 32 of the Law of Ukraine "On International Commercial Arbitration" is final and came into legal force on the date of its rendering - June 20, 2017.

The respondent in the case - PETROLEUM & MATERIALS LLC (USA) - was duly notified of all stages of the arbitration proceedings and served with the following documents:

on 15.03.2017 - the claim materials, Rules and List of recommended arbitrators of the  International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry sent on 14.03.2017 by DHL courier delivery service under the airway bill No7596286073 (according to the letter from DHL of 16.03.2017);

on 15.05.2017 - the summons indicating the date, time and place of proceedings, composition of the arbitral tribunal and resolution of the President of the Ukrainian Chamber of Commerce and Industry of May 11, 2017 on appointment of the arbitrator on behalf of the respondent, sent on 12.05.2017 by DHL courier delivery service under the airway bill No7976301620 (according to the letter from DHL of 16.05.2017);

on 05.07.2017 - the award of the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry of June 20, 2017 sent on 03.07.2017 by DHL courier delivery service under the airway bill No 6569125426 (according to the letter from DHL of 05.07.2017).

Enclosure: certified copies of the DHL airway bills NoNo 7596286073, 7976301620, 6569125426, DHL letters of 16.03.2017, 16.05.2017, 05.07.2017.

**President of the International Commercial**
**Arbitration Court at the Ukrainian**
**Chamber of Commerce and Industry**          *Signature*          M.F. Selivon

Seal:
INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE UKRAINIAN CHAMBER OF COMMERCE AND INDUSTRY

<u>Stamp:</u>

City of Kharkiv, Ukraine, **March 28, 2018**

I, ZINCHENKO R.P.., Notary Private of Kharkiv Municipal Notarial District of Kharkiv region hereby certify the authenticity of this copy from original document, in which no erasures, additions, crossed out words, unauthorized corrections and any other specific points have been found.

Entry in the register under No. **1212**
Fee collected        by the agreement, acc. Art. 31 of the Notarial Law of Ukraine

**NOTARY PRIVATE**

Signature

*Seal: "Notary Private Zinchenko Rymma Pavlivna, Kharkiv Municipal Notarial District of Kharkiv region"*

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

| Apostille (Convention de La Haye du 5 octobre 1961 Hague Convention as of October 5, 1961) | | | |
|---|---|---|---|
| 1. Country: | Ukraine | | |
| This public document | | | |
| 2. has been signed by | Zinchenko R.P. | | |
| 3. acting in the capaCity of | Notary Private | | |
| 4. bears the seal/stamp of | Notary Private Zinchenko Rymma Pavlivna, Kharkiv Municipal Notarial District of Kharkiv region | | |
| Certified | | | |
| 5. in | City of Kyiv | 6. Date | 02.04.2018 |
| 7. by | Chief Specialist of the Ministry of Justice of Ukraine, Datsenko D.A. | | |
| 8. under No. | 1636135 | | |
| 9. Seal/Stamp | | 10. Signature | |
| Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine | | *(Signature)* | |

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine. Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and accompanied by the image of his/her signature.

To verify the issuance of this Apostille, see. www.apostille.minjust.gov.ua

Total numbered, bound and sealed 2 (two) pages
Chief Specialist of the Kharkiv City Civil Acts Registry Office
of the Head Territorial Administration of Justice in Kharkiv Region
(Signature) A.V. Miroshnichenko
02.04.2018

Seal: [MINISTRY OF JUSTICE OF UKRAINE*FOR APOSTILLE*NO. 287]

Translated from Ukrainian into English by Anna O. Vashchenko, Sworn Translator.
Цей переклад української мови на англійську мову зроблено мною, перекладачем Ващенко Анною Олександрівною.

Місто Хар-

-ків, Україна

Другого квітня дві тисячі вісімнадцятого року.

Я, Зінченко Р.П., приватний нотаріус Харківського міського нотаріального округу засвідчую справжність підпису перекладача **Ващенко Анни Олександрівни**, який зроблено у моїй присутності.

Особу перекладача встановлено, його дієздатність та кваліфікацію перевірено.

Зареєстровано в реєстрі за № *15 84*

Стягнуто плати згідно ст. 31 Закону України "Про нотаріат".

**Приватний нотаріус**

Всього в цьому документі прошито, пронумеровано та скріплено печаткою та підписом 5 (п'ять) аркушів

Приватний нотаріус

<table>
<tr><td colspan="3" align="center">Apostille<br>Апостиль<br>(Convention de La Haye du 5 octobre 1961<br>Гаазька Конвенція від 5 жовтня 1961 року)</td></tr>
<tr><td>1. Країна:</td><td colspan="2">Україна</td></tr>
<tr><td colspan="3" align="center">Цей офіційний документ</td></tr>
<tr><td>2. підписаний</td><td colspan="2">Зінченко Р.П.</td></tr>
<tr><td>3. у якості</td><td colspan="2">приватного нотаріуса</td></tr>
<tr><td>4. містить проставлену печатку / штамп</td><td colspan="2">приватного нотаріуса Харківського міського нотаріального округу</td></tr>
<tr><td colspan="3" align="center">Підтверджено</td></tr>
<tr><td>5. в</td><td>м. Києві</td><td>6. дата  03.04.2018</td></tr>
<tr><td>7. ким</td><td colspan="2">завідувачем сектору Міністерства юстиції України Даценко Д.А.</td></tr>
<tr><td>8. за №</td><td colspan="2">1637283</td></tr>
<tr><td>9. Печатка / штамп</td><td colspan="2">10. Підпис</td></tr>
<tr><td colspan="3">Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України</td></tr>
</table>



Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature.

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua



прошито, пронумеровано
та скріплено печаткою  6
( ші сть ) арк.
оловний спеціаліст відділу держа
реєстрації актів цивільного стану
Управління державної реєстрації
Головного територіального управл
юстиції Харківській області
О.О.Мякшин
2018р