**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
IN THE MATTER OF THE ARBITRATION
BETWEEN

STATE ENTERPRISE RESEARCH-INDUSTRIAL
COMPLEX "PAVLOGRAD CHEMICAL PLANT";

|  |  |
|---|---|
| Petitioner, | **REPORT AND** |
|  | **RECOMMENDATION** |
| - and - | CV 18-2510 (ADS) (AKT) |

PETROLEUM & MATERIALS LLC,

Respondent.
------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.   PRELIMINARY STATEMENT

Presently before the Court, on referral from the Honorable Arthur D. Spatt, is Petitioner

State Enterprise Research-Industrial Complex "Pavlograd Chemical Plant's" ("PCP" or

"Petitioner") motion for entry of default judgment against Respondent Petroleum & Materials

LLC ("P&M" or "Respondent").  *See* Pet.'s Mot. for Default J. [DE 13].  By means of a petition

filed on April 27, 2018 (the "Petition"), PCP commenced this action, pursuant to the Federal

Arbitration Act ("FAA"), 9 U.S.C. § 207.  PCP seeks an order confirming a foreign arbitral

award (the "Award") issued in its favor against P&M by the International Commercial

Arbitration Court at the Ukrainian Chamber of Commerce and Industry (the "Arbitration Court")

in Ukraine.  *See* Pet. [DE1].  A copy of the Award is annexed to the Petition as Exhibit A.  After

P&M failed to timely answer the Petition or otherwise appear in this action, the Clerk of the

Court entered a Certificate of Default against P&M on July 24, 2018.  *See* Clerk's Entry of

Default [DE 9].  On August 8, 2018, PCP filed the instant motion for entry of default judgment.

Judge Spatt referred the motion to this Court for a Report and Recommendation as to whether the motion should be granted and, if necessary, to determine the appropriate amount of damages to be awarded.  *See* August 9, 2018 Referral Order [DE 12].  For the reasons set forth below, the Court respectfully recommends to Judge Spatt that the Award be confirmed and that judgment be entered in favor of PCP in the amount of $937,380.

## II.   BACKGROUND

The facts set forth here, which are assumed to be true for purposes of this motion, are taken from the Petition and the Award.  A copy of the Award in Ukranian as well as its certified English translation appear together as Exhibit A to the Petition [DE 1-3].  The Court has also considered the exhibits annexed to the July 30, 2018 Affirmation of Jeffrey E. Glen, Esq. in Support of the Motion for Default Judgment ("Glen Aff.") [DE 10-1].

### A.    Agreements Underlying the Dispute

On October 10, 2016, the parties entered into a contract (the "Contract") pursuant to which Petitioner agreed to purchase and Respondent agreed to supply seamless steel pipe suitable for chemical production (the "Goods") for a total price of US $918,000.00.  Pet. ¶ 5.  On October 19, 2016, PCP made the required payment to P&M's bank.  *Id.* ¶ 6.  Under the terms of the Contract, P&M was required to supply the Goods within seventy calendar days of PCP's payment — on or before December 27, 2016.  *See* Pet*.*, Ex. A, at 4.  P&M never provided the Goods to PCP, nor did P&M return PCP's payment of $918,000.00.  Pet. ¶ 7.

Pursuant to Article 8 of the Contract, the parties agreed to arbitrate any disputes before the Arbitration Court.  *See Id*. ¶ 8.   The operative language reads as follows:

> "[A]II the disputes and differences arisen [sic] out of the present Contract or in connection with it, will be settled in the International Commercial Arbitration Court at the Chamber of Commerce of Ukraine, Kyiv in accordance with the Rules of the mentioned Court which decision will be

2

> final and binding to both Parties. The parties have come to agreement that
> the law governing this Contract is the law of substance of Ukraine.

*Id.* Consistent with this language, PCP filed its claim with the Arbitration Court on February 20, 2017 for $918,000 plus applicable costs and fees. *Id*. ¶ 9.

### B.   Arbitration Proceedings and Award

In its Statement of Claim, PCP asserted that upon P&M's failure to deliver the Goods, it repeatedly demanded the return of the $918,000.00 advance payment, including by letters dated January 5, 2017 and February 2, 2017. *See* Pet., Ex. A, at 4. However, these efforts were to no avail. As a result, the Arbitration Court initiated proceedings on February 20, 2017. Copies of the claim materials, together with a variety of documents regarding the proceeding, including a list of arbitrators, were served on P&M by DHL courier service on March 15, 2017. *See id.*, at 4-5. As indicated in the claim materials, P&M was required to submit, *inter alia*, within thirty days of receipt, its Statement of Defense and the name of its chosen arbitrator. *Id.* at 5. P&M did not appear or otherwise communicate with the Arbitration Court. On May 11, 2017, pursuant to applicable law, an arbitrator was appointed for P&M. *Id.* The Award notes the following:

> The summons specifying the date, time, place of case hearing, Composition of the Arbitral Tribunal, and the Resolution of the President of the Ukranian Chamber of Commerce and Industry dd. May 11, 2017 on the appointment of an arbitrator in place of the Respondent were forwarded: to the Claimant – on May 12, 2017 by recorded delivery with acknowledgement of receipt as per mail receipt No. 04053 30571594, to the Respondent – on May 12, 2017 by DHL courier service under airway bill No. 7976301620.
>
> According to the available in the case acknowledgement of receipt signed by the addressee, the postal officer and a stamp of the Postal Office of Ukraine, the registered letter No. 04053 30571594 was received by the Claimant on May 17, 2017.

According to the letter of DHL courier service dd. May 16, 2017 the package of documents forwarded under airway bill No. 7976301620 was served to the addressee – the Respondent on May 15, 2017.

*Id*. On June 20, 2017, the arbitration tribunal convened as scheduled. *Id.* PCP's representatives provided necessary explanations with regard to the matter in dispute and affirmed the claim in full. *Id.* P&M failed to appear. *Id.* Ultimately, the Arbitration Court awarded PCP a total of $937,380.00, including $918,000 for the advance payment for the Goods and $19,280 for the arbitration fee. *Id*. at 8.[1] Since June 20, 2017, Respondent has taken no steps to re-open the arbitration proceeding or to set aside the Award. *See* Pet. ¶ 16.

### C.    Petition to Confirm the Award

PCP filed the instant Petition against P&M seeking confirmation of the Award on April 27, 2018. *See* DE 1. On May 11, 2018, PCP effected service of the Summons and Petition upon P&M by delivering these documents to the New York Secretary of State, pursuant to Fed. R. Civ. P. 4(h)(1)(b). *See* Glen Aff. ¶ 4. The Summons was returned executed on May 18, 2018. *Id.* The time for P&M to answer or otherwise move with respect to the Petition expired on June 3, 2018. *Id.* at ¶ 5; *see also* Fed. R. Civ. P. 12(a)(1).

On June 1, 2018, PCP's counsel received a letter by certified mail, from Dewan Bachai, General Director of P&M, referring to the allegations in the Petition and stating "I would like to have my day in court." Glen Aff. ¶ 6.; *see also* Certified Letter of Dewan Bachai with Enclosures, attached as Ex. 1 to Glen Aff.; Certified Mail Envelope bearing address of

---

[1] The Court notes that a letter dated January 24, 2017 from Dewan Bachai, General Director of P&M, to PCP was submitted to the Arbitration Court for consideration. Bachai had signed the Contract on behalf of P&M. The letter to PCP asserted an explanation that the delay in delivery of the Goods was caused by a freeze of funds by J.P. Morgan Chase Bank (New York). *See* Pet., Ex A. at 7, ¶ 7. The Arbitration Court reviewed the letter and recognized that it did not deny the fact of non-fulfillment of Respondent's contract obligations, or otherwise disclaim liability. *Id.*

Defendant as 350 Vets Highway, Commack, NY 11725, attached as Ex. 2 to Glen Aff. On June 6, 2018, PCP's counsel responded to Dewan Bachai explaining that a limited liability corporation is required to appear by counsel in an action in federal court. Glen Aff. ¶ 8. Counsel also offered to extend the time for P&M to appear through June 20, 2018. *Id.* That letter was sent to the address which appeared on the certified mail response previously received from Dewan Bachai, namely, 350 Veterans Memorial Highway, Commack, NY 11725. *Id.*

On June 18, 2018, PCP's counsel Jeffrey Glen received an envelope which he described as being "from a law firm apparently located at 350 Veterans Memorial Highway, Commack, NY 11725." Glen Aff. ¶9. In the envelope was the letter Attorney Glen had sent to Dewan Bachai on June 6, 2018, with the notation "return to sender -- person unknown." *Id.*; *see also* Glen Aff., Ex. 4. Attorney Glen states that he is "mystified as to how Mr. Bachai was able to receive the Petition and Summons at the address of the Defendant on record at the New York Secretary of State" and then send Glen a letter "dealing in detail with the allegations of the Petition" – yet be a "person unknown" at the same address. Glen Aff. ¶ 10.

Nevertheless, P&M received the Summons and Petition via the New York Secretary of State at 350 Vets Highway, from which Mr. Bachai sent his letter addressing the Petition. *See* Glen Aff. ¶ 4. Notwithstanding Dewan Bachai's letter, P&M failed to answer, move, or otherwise respond to the Petition. As a result, PCP requested a certificate of default on June 22, 2018 [DE 6,7], which the Clerk of Court entered on July 24, 2018 [DE 9]. PCP then filed the instant motion for entry of default judgment which Judge Spatt referred to this Court for a Report and Recommendation on whether the motion should be granted.

## III.   LEGAL STANDARD

Although PCP has brought this confirmation and enforcement proceeding as a motion for entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure, the Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate." *City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 136 (2d Cir. 2011) (quoting *D.H. Blair & Co., v. Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006)).  The Second Circuit has further instructed district courts to consider an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110.  Unlike civil actions governed by Rule 55, petitions to confirm arbitration awards "are motions in an ongoing proceeding rather than a complaint initiating a plenary action." *Id.* at 108 (citation omitted).  As such, proceedings to confirm an award are "generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself[,]" and, thus, "the judgment the court enters should be based on the record." *Id.* at 109.

Courts in this judicial district have nevertheless acknowledged that where, as here, the respondent defaulted in both the underlying arbitration proceeding and the confirmation action in federal court, "the distinction between moving for default judgment and moving for summary judgment in confirmation of an arbitration proceeding is purely academic." *Trustees of UNITE HERE Nat. Health Fund v. New Age Intimates, Inc.*, No. 07-CV-2892, 2008 WL 3833841, at *4 (E.D.N.Y. Aug. 14, 2008); *see Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite HereA v. Jung Sun Laundry Grp. Corp.*, No. 08-CV-2771, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) ("[D]efault judgment is appropriate, despite the Second Circuit's pronouncement in *D.H. Blair,* where the respondent failed to respond or otherwise appear at both the arbitration hearing *and* the subsequent confirmation proceeding." (emphasis in original)); *see*

*also Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, No. 07-CV-4211, 2008 WL 4693533, at *3 (E.D.N.Y. Oct. 23, 2008) (noting that "a more stringent review of [the] plaintiffs' case under the summary judgment standard does not improve [the] defendant's position" because the "plaintiffs' claims, from the beginning, have gone uncontested").

Here, P&M did not contest PCP's claims during the arbitration proceeding.  As the Arbitration Court noted in its Award, P&M failed to appear and did not otherwise communicate with the tribunal.  *See* Pet. ¶ 11.  Nor has P&M appeared or raised a defense in the instant action.  Therefore, it is appropriate to apply the default judgment standard pursuant to Fed. R. Civ. P. 55 in considering PCP's motion.  *See OOO FC Grand Capital v. Int'l Pharm. Servs. Ltd.*, No. 16-CV-6156, 2017 WL 8813135, at *4–5 (E.D.N.Y. Dec. 15, 2017), *report and recommendation adopted,* No. 16-CV-6156, 2018 WL 879027 (E.D.N.Y. Feb. 14, 2018).   However, in an abundance of caution, the Court will apply the more stringent summary judgment standard in light of the principles set forth in *D.H. Blair*.  *Id.*

Pursuant to Federal Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities, and draw all inferences, against the moving party."  *Sista v. CDC Ixis N.A., Inc.,* 445 F.3d 161, 169 (2d Cir.2006) (citations omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

IV.     **Discussion**

"A district court's review of an arbitration award is extremely deferential and [s]uch

deference is particularly appropriate with respect to foreign arbitration awards." *OOO FC Grand*

*Capital v. Int'l Pharm. Servs. Ltd.*, 2017 WL 8813135, at *5 (E.D.N.Y. Dec. 15, 2017) (internal

quotation marks and citation omitted); *see also International Korean Trade Ins. Corp. v. Eat It*

*Corp.*, No. 14-CV-3456, 2015 WL 1247053, at *4 (E.D.N.Y. Mar. 16, 2015); *New York City*

*Dist. Council of Carpenters v. Ross Sales & Contracting Inc.*, No. 14 Civ. 04106, 2015 WL

150923, at *2 (S.D.N.Y. Jan. 5, 2015).  Indeed, courts in this district have noted that "[j]udicial

policy strongly favors recognition by American courts of foreign arbitral awards." *OOO FC*

*Grand Capital*, 2017 WL 8813135, at *5.  Actions seeking to confirm and enforce foreign

arbitration awards are governed by the Convention on the Recognition and Enforcement of

Foreign Arbitral Awards (the "New York Convention" or "Convention").  *Id.*; *see* Convention on

the Recognition and Enforcement of Foreign Arbitral Awards, United Nations Conference on

International Commercial Arbitration, June 10, 1958, 21 U.S.T. 2517, U.N.T.S. 38, *reprinted at*

9 U.S.C. § 201 ("New York Convention").[2]  The Convention is a multilateral treaty addressing

"the recognition and enforcement of arbitral awards made in the territory of a State other than the

State where the recognition and enforcement of such awards are sought."  New York

Convention, Art. I.

"An award falls under the Convention if it arises out of a legal relationship, whether

contractual or not, which is considered as commercial . . . and, with certain limited exceptions,

---

[2]        The Convention, frequently referred to as the "New York Convention" or the "1958
Convention," was enacted and opened for signature in New York City on June 10, 1958, and
entered into force in the United States after ratification on December 29, 1970, as codified at 9
U.S.C. §§ 201-208.

which is not entirely between citizens of the United States." *OOO FC Grand Capital*, 2017 WL 8813135 at *5 (citation and internal citations omitted).  Article V of the Convention sets forth the grounds upon which a district court may refuse recognition or enforcement of an award.  *Id*.; New York Convention, Art. V.  Under the Convention, the party against whom enforcement is sought bears the burden of proof to furnish competent evidence demonstrating that recognition or enforcement should be refused.  New York Convention, Art. V(1); *see also Mercury Venture Int'l Ltd.*, No. 13-CV-1521, 2015 WL 893652 at *6, ("[t]he burden of proof is on the party opposing the recognition and enforcement of the arbitral award") (citation and internal quotation marks omitted).

Under the FAA, any party to an arbitration may apply to any court having jurisdiction for an order confirming the award within three years after an award is made.  *Mercury Venture Int'l Ltd.*, 2015 WL 893652, at *6 (citation omitted).  To enforce a foreign arbitration award, the party seeking recognition and enforcement need only provide: (a) a duly authenticated original award or an authentic copy of the award, and (b) an original or certified copy of the agreement to arbitrate.  9 U.S.C. § 201, Article IV, Section 1; *see also Mercury Venture Int'l Ltd.*, 15 WL 893652, at *7.  Following submission of these materials, a party resisting confirmation bears the burden of showing that one of the circumstances warranting denial of enforcement, as set forth in the Convention, is present.  *See Mercury Venture Int'l Ltd.*, 2015 WL 893652, at *7 (citing *Jiangsu Changlong Chemicals,* 399 F.Supp.2d 165, 168 (E.D.N.Y. 2005)); *Montauk Oil Transp.,* No. 90 Civ. 3792, 1995 WL 361303, at *1 (S.D.N.Y. June 16, 1995).

Having reviewed PCP's submissions, including the Award and the Contract, the Court finds that there are no issues of material fact which would preclude confirmation of the Award. P&M has not appeared in this action through counsel and thus has not set forth any evidence

demonstrating that the Award should not be recognized or enforced.[3]  In any event, the Court has

reviewed the circumstances in which an award should not be recognized and enforced as outlined

in Article V of the New York Convention, none of which apply here.

PCP timely filed its Petition on April 27, 2018, less than three years after the date on

which the Arbitration Court issued the Award on June 20, 2017.  Moreover, it is undisputed that

the subject dispute falls under the Convention since it arose from a commercial relationship

between parties which are not both citizens of the United States, namely, a contractual

arrangement according to which PCP — a Ukrainian company — agreed to purchase the Goods

from P&M — a New York limited liability corporation.  Importantly, both Ukraine and the

United States are signatories to the Convention.  *See generally* New York Convention; *see also*

Contracting States,

https://treaties.un.org/pages/ViewDetails.aspx?src=TREATY&mtdsg_no=XXII-

1&chapter=22&lang=en (last visited February 11, 2019).

Based on the documentary evidence before this Court as well as P&M's failure to present

evidence in contravention of the Award, the Court finds that PCP has asserted a valid claim for

recognition and enforcement of the Award.  Even drawing all factual inferences in favor of

P&M, the record before the Court establishes:  (1) that PCP and P&M engaged in the Contract,

according to which PCP made payment of $918,000 to P&M in exchange for which P&M was

required to deliver the Goods; (2) that despite receiving the required payment from PCP, P&M

---

[3]      Although Dewan Bachai sent a letter to PCP's counsel following receipt of the
Summons and Petition, Mr. Bachai's letter is not a cognizable response.  *See Lattanzio v.
COMTA*, 481 F.3d 137 (2d Cir. 2007) (recognizing the rule that a limited liability company must
appear in federal court only through a licensed attorney).  The Court is satisfied with the efforts
made by PCP's counsel thereafter to seek to engage Dewan Bachai in discussions concerning the
instant action, namely, directing Mr. Bachai to appear with counsel and offering to extend the
deadline [then passed] for P&M to respond to the Petition.

failed to deliver the Goods; (3) that PCP initiated proceedings in the Arbitration Court pursuant to the Contract's arbitration clause; and (4) that following proceedings in the Arbitration Court, at which P&M failed to appear, despite receipt of a summons and claim materials, PCP obtained the Award.  PCP has failed to appear or offer any evidence creating any issue of material fact. The Arbitration Court awarded Petitioner $918,000 based on the advance payment for the Goods along with $19,380 as "a compensation of the arbitration fee payment," for a total of $937,380. *See* Pet, Ex. A at 8.   Therefore, this Court respectfully recommends to Judge Spatt that summary judgment be entered in favor of Petitioner and against Respondent P&M and that the Award issued by the duly-appointed Arbitration Court on June 20, 2017 be confirmed.

The Court notes that Petitioner seeks interest on the Award running from June 20, 2017 as well as costs associated with the instant proceeding.  *See* Pet. ("Wherefore" Clause); Glen Aff. ¶12.  However, Petitioner has not set forth any statutory or case law support showing that Petitioner is entitled to interest, although Petitioner may be so entitled.  Nor has Petitioner provided any information with respect to the appropriate rate of interest if entitlement to interest is established.  Likewise, the Petitioner has not delineated the costs for which it is seeking reimbursement nor any underlying documentation for those costs.  *See generally* Pet.; Glen Aff. This Court therefore recommends that the entry of judgment be deferred for a period of 21 days to give Petitioner the opportunity to provide the foregoing information.

## V.   CONCLUSION

For the reasons set forth above, and in view of the substantial deference to which foreign arbitration awards are entitled, the Court respectfully recommends to Judge Spatt that the Award of $937,380 in favor of PCP be confirmed.  This Court further recommends that the entry of

judgment be deferred for a period of 21 days to give Petitioner the opportunity to provide the information noted above with regard to interest and costs.

## VI.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF by February 15, 2019.**

                                                                          SO ORDERED.

Dated: Central Islip, New York
              February 12, 2019

                                                            /s/ A. Kathleen Tomlinson
                                                            A. KATHLEEN TOMLINSON
                                                            U.S. Magistrate Judge