UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION BETWEEN<br><br>STATE ENTERPRISE RESEARCH-INDUSTRIAL COMPLEX "PAVLOGRAD CHEMICAL PLANT"<br><br>                              Petitioner,<br><br>and<br><br>PETROLEUM & MATERIALS LLC,<br><br>                              Respondent. | CIV. NO. 2:18-cv-02510-ADS-AKT<br><br>DECLARATION OF JEFFREY E. GLEN REGARDING AVAILABILITY OF INTEREST |

       1.       I am a shareholder (the equivalent of partner) in the law firm Anderson Kill P.C., which represents Petitioner State Enterprise Research Industrial Complex "Pavlograd Chemical Plant" ("PCP"), in this action pursuant to Article 2 of the Federal Arbitration Act seeking to enter judgment against Respondent Petroleum & Materials LLC ("P&M") enforcing an arbitration award (the "Award")..

       2.       I make this declaration to provide to the Court support in law for Petitioner's request that post-award pre-judgment interest be added to the Award, and that the be nine percent per annum from the date of the Award. See Report and Recommendation of Magistrate – Judge Tomlinson dated February 12, 2019, at page 11.

       3.       For over three decades, the Second Circuit has permitted, even encouraged, the District Courts within it to add post award pre judgment interest to a final and binding arbitration award for which enforcement is sought under both Article One and Article Two of the Federal Arbitration Act. *Waterside Ocean Navigation Co. v.*

*International Navigation, Ltd.*, 737 F.2d 150, 153-155 (2nd Cir. 1984). Such interest has been added explicitly in cases under the New York Convention; *Schwartzman v. Harlap*, 2009 U.S.Dist.LEXIS 31389, *8 (E.D.N.Y. April 13, 2009), *Al Maya Trading Establishment v. Global Exp. Mktg. Co.*, 2017 U.S. Dist. LEXIS 39192, *15 (S.D.N.Y March 17, 2017).

4. The post award pre judgment interest rate selected, while within the discretion of the court, is generally the nine percent per annum rate set for breach of contract actions in the New York CPLR at section 5001. See, *Al Maya Trading, supra, N.Y. City Dist. Council of Carpenters v. Trinity Phoenix Constr. Corp.*, 2018 U.S. Dist. LEXIS 5509, *13 (E.D.N.Y. Jan. 10, 2018), *N.Y. City & Vicinity Dist. Council of Carpenters v. Sukhmany Constr. Inc.,* 2018 U.S. Dist. LEXIS 20341, *2-5 (E.D.N.Y. Feb. 6, 2018). The cases apply the nine percent rate whether the award is in a domestic arbitration under FAA Article One or a foreign arbitration under FAA Article Two.

5. The only variation from the nine percent that counsel has found is in an arbitration in which the subject of the dispute is a failure to make contributions under a statute, such as ERISA, which itself provides a rate of interest as a matter of Federal law. See *Finkel v. Pomalee Elec. Co.*, 2018 U.S.Dist. LEXIS 29668, *31-34 (E.D.N.Y., Tomlinson, M.J., Feb. 22, 2018). Where there is no Federal rate of interest, as is true within the Federal Arbitration Act itself, the New York nine percent rate appears to be universally applied.

6.     As noted in the Report and Recommendation, Petitioner also seeks its costs. Annexed hereto is Petitioner's Bill of Costs, seeking costs for filing of the petition and service of process on the New York Secretary of State.

WHEREFORE, I respectfully request that judgment be entered in favor of Petitioner in the amount of $937,380 together with interest at nine percent per annum from June 20, 2017,[1] and costs in the amount stated in the Bill of Costs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York March 5, 2019.

_____
Jeffrey E. Glen

---

[1] For the convenience of the Court, the amount of interest through March 20, 2019 at nine percent per annum, were that date to be the one on which the Court enters judgment, comes to $147,638.