**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
IN THE MATTER OF THE ARBITRATION
BETWEEN:

STATE ENTERPRISE RESEARCH-INDUSTRIAL
COMPLEX "PAVLOGRAD CHEMICAL PLANT,"

                Petitioner,

      - against -

PETROLEUM & MATERIALS LLC

                Respondent.
-------------------------------------------------------------X

                                      **ORDER**

                               CV 18-2510 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

This action was commenced on April 27, 2018 by Petitioner State Enterprise Research-Industrial Complex "Pavlograd Chemical Plant" ("Petitioner" or "PCP") against Petroleum & Materials LLC ("Respondent" or "P&M"). *See generally* Petition ("Pet.") [DE 1]. Petitioner brought this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, to confirm a foreign arbitral award (the "Award") issued in its favor against P&M by the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (the "Arbitration Court"). *See id.*

On August 8, 2018, PCP moved for entry of a default judgment against P&M. *See* Motion for Default Judgment by PCP ("Pet.'s Mot.") [DE 10]. Judge Spatt referred PCP's motion for default judgment to this Court for a Report and Recommendation ("R & R") as to whether the motion should be granted and, if necessary, to determine the appropriate amount of damages to be awarded. *See* August 9, 2018 Referral Order [DE 12]. This Court issued the R & R and respectfully recommended to Judge Spatt that (1) the Award be confirmed;

(2) judgment be entered in favor PCP in the amount of $937,380; and (3) the issue of PCP's entitlement to accrued interest and costs be deferred based on PCP's failure to provide supporting documentation. *See* February 12, 2019 R&R [DE 15]. On March 12, 2019, PCP filed a declaration and bill of costs which provided the information lacking in the original motion for entry of default judgment as to interest and costs. *See* Declaration of Jeffrey E. Glen, Esq. Regarding Availability of Interest ("Glen Decl.") [DE 16]; Bill of Costs [DE 19]. On March 19, 2020, Judge Spatt adopted the R&R in its entirety and awarded PCP interest at 9% per annum beginning June 20, 2017, along with costs detailed in the Bill of Costs. Order Adopting R & R in its entirety [DE 20]. That same day, default judgment was entered against P&M and Judge Spatt ordered that the Award of $937,380 was confirmed. PCP was further awarded interest in the amount of $147,231.56, and $565.00 in costs, for a total award of $1,085,176.56. *See* Default Judgment [DE 21].

Presently before the Court are two motions filed by Petitioner to compel non-parties JP Morgan Chase Bank, N.A. ("Chase") and Wells Fargo Bank, N.A. ("Wells Fargo") to respond to information subpoenas. *See* Petitioner's Motion to Compel Chase to Respond to Information Subpoena ("Pet.'s Mot. II") [DE 22]; Affirmation of Jeffrey E. Glen, Esq. in Support of Motion to Compel Chase Bank ("Glen Aff. I") [DE 22-1]; Information Subpoena and Restraining Notice to Chase Bank ("Chase Subpoena") [DE 22-2]; Petitioner's Motion to Compel Wells Fargo to Respond to the Information Subpoena ("Pet.'s Mot. II") [DE 27]; Affirmation of Jeffrey E. Glen, Esq. in Support of Plaintiff's Motion to Compel Wells Fargo to Respond to the Information Subpoena ("Glen Aff. II") [DE 28]; Information Subpoena with Restraining Notice to Wells Fargo ("Wells Fargo Subpoena") [DE 28-1].

2

According to Petitioner, the Chase Subpoena was served on May 1, 2019 and requested financial information concerning P&M's accounts, liens, and other dealings with Chase relevant to the satisfaction of its judgment. Glen Aff. I ¶ 7; *see* Affidavit of Service for Chase Subpoena [DE 22-2 at 15]. Chase received the subpoena on May 3, 2019 and its time to respond to the subpoena expired on May 10, 2019. Glen Aff. I ¶¶ 7-8. On June 17, 2019, PCP filed a motion to compel Chase to respond to the subpoena since Chase failed to do so (the "Chase Motion"). *Id.* ¶ 11. PCP does not seek to hold Chase in contempt. *Id.* On September 25, 2019, counsel for Chase filed a letter stating that Chase anticipated "disclosing confidential documents in response to a non-party subpoena" and requested that the Court "so order" the confidentiality agreement attached to the letter. See Chase September 25, 2019 Letter to Judge Tomlinson [DE 25]. On September 26, 2019, the Court "so ordered" the confidentiality agreement. *See* Confidentiality Order [DE 26]. The agreement was later amended by PCP and JP Morgan and "so ordered" by the Court. *See* DE 32, 33. Chase did not file any opposition to PCP's motion.

As to the Wells Fargo Subpoena, Plaintiff's counsel states that Wells Fargo was served on July 10, 2019 and the Court notes that it requests information similar to that sought in the Chase Subpoena. *See* Glen Aff. II ¶ 7; Affidavit of Service for Wells Fargo Subpoena [DE 28-1 at 12]. Wells Fargo received the subpoena on July 12, 2019 and its time to respond expired on July 19, 2019. Glen Aff. II ¶¶ 7-8. PCP filed a motion to compel Wells Fargo on November 14, 2019 due to its failure to respond to the subpoena (the "Wells Fargo Motion"). *Id.* ¶¶ 9-11. PCP does not seek to hold Wells Fargo in contempt. *Iid.* ¶ 11. Wells Fargo has neither opposed nor responded to PCP's motion.

The Affirmation of PCP's counsel regarding the Wells Fargo Subpoena states that following the Chase Motion, Chase "produced certain limited documents, and [PCP] [is] seeking

additional documents." Glen Aff. II ¶ 13. PCP's counsel further states that "because of Chase's recent cooperation we are not seeking an immediate ruling on the Chase Motion." *Id.* ¶ 14. On December 3, 2019, counsel for Chase filed a reply affirmation regarding the Wells Fargo Motion. See Reply Affirmation of Andrew Kazin, Esq. Regarding Plaintiff's Motion to Compel Wells Fargo ("Kazin Aff.") [DE 31]. Chase took "no position" on PCP's motion to compel Wells Fargo, but noted that it has "taken extensive steps to cooperate with Plaintiff's requests, . . . including producing 14,794 documents in response" to the Chase Subpoena "and continues to coordinate with Plaintiff's counsel in resolving his requests for additional non-party discovery." Kazin Aff. ¶ 3. The Court has not received further correspondence from PCP or Chase. In light of Chase's cooperation with PCP and its production of documents as stated by counsel, the Petitioner's Motion to Compel Chase [DE 22] is DENIED, without prejudice, and with leave to renew should PCP believe Chase's production is insufficient. Within thirty (30) days of this Order, PCP is directed to advise the Court in writing whether it is satisfied with JP Morgan's responses. PCP's failure to comply with this directive will be deemed a waiver of its right to seek further relief against Chase.

For the following reasons, however, the Petitioner's Motion to Compel Wells Fargo Motion [DE 27] is GRANTED. "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.'" *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (quoting Fed. R. Civ. P. 69(a)(2)), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234

4

(2014); *see First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure."). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd.*, 695 F.3d at 207 (citing Fed. R. Civ. P. 26(b)(1)); *Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405, 2017 WL 10398552, at *1 (E.D.N.Y. Jan. 25, 2017). "Discovery sought pursuant to Rule 69 must relate to the existence or transfer of a judgment debtor's assets." *Allstate Ins. Co.*, 2017 WL 10398552, at *1 (first citing *EM Ltd.*, 695 F.3d at 207; then citing *GMA Accessories, Inc. v. Electric Wonderland, Inc.*, No. 07-CV-3219, 2012 WL 1933558, at *4 (S.D.N.Y., May 22, 2012); *Costomar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, No. 95-CV-3349 (KTD)(JCF), 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995); *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977)). "Whether to limit Rule 69 post-judgment discovery remains within the discretion of the district court pursuant to its powers under Federal Rule of Civil Procedure 26(b)(2)." *Allstate Ins. Co.*, 2017 WL 10398552, at *1 (citing *EM Ltd.*, 695 F.3d at 207).

While Rule 69 of the Federal Rules of Civil Procedure authorizes post-judgment discovery "as provided in these rules," Rule 37 in turn authorizes "a party [to] move to compel a discovery response when an opposing party fails to comply with a discovery request." *Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 Civ. 6746, 2012 WL 4791804, at *5 (S.D.N.Y. Oct. 9, 2012). "Such a motion must identify responses to requests believed to be inadequate, and provide explanation as to why those responses are inadequate." *Id.* (citing *Lawrence v. Artuz,* No. 00 Civ. 0721, 2001 WL 185039, at *1 (S.D.N.Y. Feb. 26, 2001); *LaBounty v. Coombe,* No. 95 Civ. 2617, 1996 WL 30291, at *2 (S.D.N.Y. Jan. 24, 1996)).

Here, although this specific information is lacking in the affirmation of PCP's counsel, PCP seeks to compel Wells Fargo to respond to a subpoena because PCP was "informed that judgment debtor Petroleum & Materials LLC has or had an account at the Syosset branch of Wells Fargo Bank under account number 1197-910-506." DE 28-1 at 2. Wells Fargo has not responded to PCP's motion. In light of the fact that the Wells Fargo Motion is not opposed and P&M apparently maintained an account at Wells Fargo, Wells Fargo may possess information relevant to these post-judgment proceedings as to whether any assets exist and are available to satisfy PCP's judgment against P&M – as well as the location of any such assets. Given the routine use of "broad post-judgment discovery in aid of execution" in this Circuit, *EM Ltd.*, 695 F.3d at 207, and the fact that the information PCP seeks is germane to the enforcement of the default judgment, the Court GRANTS the Petitioner's Motion to Compel Wells Fargo to Respond to the Information Subpoena. Accordingly, it is hereby

**ORDERED**, that Wells Fargo is directed to produce documents responsive to PCP's July 10, 2019 information subpoena no later than May 8, 2020. The documents are to be produced to Anderson Kill P.C., 1251 Avenue of the Americas, New York, NY 10020-1182 (Attn: Jeffrey E. Glen); and it is further

**ORDERED**, that PCP's counsel shall serve a copy of this Order forthwith upon Wells Fargo by first-class mail and certified mail, return receipt requested, no later than April 8, 2020, and shall file proof of such service on ECF no later than April 10, 2020; and it is further

**ORDERED**, that PCP's counsel is directed to file a letter on ECF by May 8, 2020 confirming whether Wells Fargo has complied with the subpoena.

**SO ORDERED:**

Dated:  Central Islip, New York
        March 31, 2020

        /s/ A. Kathleen Tomlinson
        A. KATHLEEN TOMLINSON
        United States Magistrate Judge